IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DDR HOLDINGS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 17-498 (ER) |
| | ) CONSOLIDATED |
| PRICELINE.COM, LLC, et al., | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |

**AMENDED ANSWER TO FIRST AMENDED
COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Shopify, Inc., ("Shopify") hereby submits this Amended Answer and Affirmative Defenses to the First Amended Complaint (the "Complaint") filed by Plaintiff DDR Holdings, LLC ("DDR") on December 1, 2017.

**AS TO THE PARTIES**

1. Shopify lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint and therefore denies the same.

2. Shopify admits it is a Canadian corporation with a principal place of business in Ottawa, Ontario. Shopify admits that it has designated a Delaware agent for service of papers for securities purposes.

3. Shopify lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint and therefore denies the same.

4. Shopify lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint and therefore denies the same.

5. Shopify lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint and therefore denies the same.

6. Shopify lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint and therefore denies the same.

7. Shopify lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint and therefore denies the same.

8. Shopify lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint and therefore denies the same.

9. Shopify lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint and therefore denies the same.

10. Shopify lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint and therefore denies the same.

11. Shopify lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and therefore denies the same.

12. Shopify admits that it received a letter from DDR's counsel on January 8, 2016 with copies of U.S. Patent Nos. 7,818,399, 8,515,825, and 9,043,228 attached. Shopify lacks knowledge or information sufficient to form a belief as to the truth of the additional allegations set forth in Paragraph 12 of the Complaint that "DDR had studied Shopify's 'ecommerce platform,' and wished to discuss a license" and therefore denies the same.  Otherwise, denied.

13. Shopify admits that it received a letter from DDR's counsel on March 22, 2016 and another letter on August 16, 2016. Shopify lacks knowledge or information sufficient to form a belief as to the truth of the additional allegations set forth in Paragraph 13 of the Complaint that "[b]etween [the] two follow-up letters, DDR's counsel caused at least three voicemail messages to be left with the General Counsel of Shopify" and therefore denies the same.  Otherwise, denied.

14. Shopify admits that it received a letter from DDR's counsel on April 13, 2017 with a

copy of the claims and post-allowance notices from the Patent Office for U.S. Patent No. 9,639,876. Otherwise, denied.

15. Shopify denies the allegations set forth in Paragraph 15 of the Complaint.

16. Shopify denies the allegations set forth in Paragraph 16 of the Complaint.

17. Shopify denies the allegations set forth in Paragraph 17 of the Complaint.

18. Shopify denies the allegations set forth in Paragraph 18 of the Complaint.

19. Shopify denies the allegations set forth in Paragraph 19 of the Complaint.

20. Shopify denies the allegations set forth in Paragraph 20 of the Complaint.

21. Shopify denies the allegations set forth in Paragraph 21 of the Complaint.

22. Shopify admits that DDR purports to set forth claims arising under the patent laws of the United States, 35 U.S.C. § 1, et seq., and more particularly 35 U.S.C. § 271.

23. Shopify admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), 2201, and 2202.

24. Shopify does not contest personal jurisdiction for the purposes of this action only, but does not waive the right to contest personal jurisdiction in any other case or action in the District. Shopify denies that it "conducts a substantial, systematic, and continuous business of soliciting, offering, and selling services in this judicial district, from which it derives substantial revenue; and because this action arises from Shopify's commission of patent infringement in this judicial district by, among other things, serving and intending to serve Delaware affiliates by offering Shopify services to customers, business affiliates, and partners located in Delaware, and by assisting both Delaware and non-Delaware customers and affiliates to serve web pages to Delaware users in the District of Delaware." Shopify denies all other allegations set forth in Paragraph 24.

25. Shopify does not contest venue in the District of Delaware for the purposes of this

action only. Shopify expressly reserves its right to move to transfer this action to a more convenient district or division. Shopify denies that it has committed acts of infringement in the District of Delaware. Shopify denies all other allegations set forth in Paragraph 25.

26. Shopify denies the allegations set forth in Paragraph 26 of the Complaint.

27. Shopify asserts that Plaintiff is not entitled to the relief requested in Paragraph 27, including its subparts A-G, of the Complaint. Further, to the extent Paragraph 27 of the Complaint includes allegations requiring a response, Shopify denies such allegations.

## GENERAL DENIAL

28. Except as expressly admitted herein, Shopify denies each and every allegation contained in the Complaint.

## AFFIRMATIVE DEFENSES

29. Shopify asserts the following affirmative defenses, without admitting any allegations of the Complaint not otherwise admitted and without assuming any burden where such burden would otherwise be placed on Plaintiff:

## FIRST AFFIRMATIVE DEFENSE
### Failure to State a Claim

30. DDR's Complaint fails to state facts sufficient to state a cause of action and fails to state any claim against Shopify upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### Non-infringement

31. Shopify has not infringed and does not infringe any valid and enforceable claim of U.S. Patent 8,515,825, U.S. Patent 9,043,228, or U.S. Patent 9,639,876 (collectively, the "Asserted Patents"), either literally or under the doctrine of equivalents.

## THIRD AFFIRMATIVE DEFENSE
### Invalidity

32. The Asserted Patents are invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103 and 112, the statutory and non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

## FOURTH AFFIRMATIVE DEFENSE
### Patent Misuse and Unenforceability

33. The Asserted Patents are unenforceable at least because they have been misused by Plaintiff by the assertion of a scope of the claims beyond any reasonable interpretation thereof in order to wrongfully obtain revenue from the licensing of the Asserted Patents and/or from this and related actions.

## FIFTH AFFIRMATIVE DEFENSE
### Limitation of Damages Under 35 U.S.C. § 287

34. Plaintiff's claim for damages, if any, against Shopify is statutorily limited by 35 U.S.C. § 287.

## SIXTH AFFIRMATIVE DEFENSE
### No Injunctive Relief

35. Plaintiff is not entitled to injunctive relief because it cannot prove (1) that it has suffered irreparable injury; (2) that there is no adequate remedy at law; (3) that a remedy in equity is warranted; and (4) that the public interest warrants an injunction.

## SEVENTH AFFIRMATIVE DEFENSE
### No Costs Under 35 U.S.C. § 288

36. Plaintiff's claims against Shopify for recovery are barred, in whole or in part, by U.S.C. § 288 because the Asserted Patents contain at least one invalid claim that Plaintiff failed to disclaim with the United States Patent and Trademark Office before the commencement of this suit.

## EIGHTH AFFIRMATIVE DEFENSE
### Prosecution History Estoppel and Disclaimer

37. DDR's claims are barred, in whole or in part, based on prosecution history estoppel and prosecution disclaimer due to amendments and/or statements made during prosecution of the Asserted Patents.

## NINTH AFFIRMATIVE DEFENSE
### Laches and Equitable Estoppel

38. DDR's claims are barred, in whole or in part, under the principles of equity, including equitable estoppel and laches to the extent permitted under the Supreme Court's decision in *SCA Hygiene Prods. AB v. First Quality Baby Prods*. LLC, 137 S. Ct. 954 (2017).

## PRAYER FOR RELIEF

Therefore, Shopify requests entry of a judgment as follows:

1. Denying DDR any relief requested in the Complaint;

2. Dismissing DDR's suit with prejudice;

3. Awarding Shopify costs incurred by it in connection with this action;

4. Deeming this case exceptional pursuant to 35 U.S.C. § 285, such that Shopify be awarded its reasonable attorneys' fees; and

5. Any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Shopify requests a trial by jury on all triable issues.

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | */s/ Stephen J. Kraftschik* |
|  | Jack B. Blumenfeld (#1014)<br>Stephen J. Kraftschik (#5623)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>skraftschik@mnat.com |
| OF COUNSEL: |  |
| Michael T. Renaud<br>Michael J. McNamara<br>Robert J. L. Moore<br>Megan Y. Yung<br>Sandra J. Badin<br>Jinnie L. Reed<br>MINTZ, LEVIN, COHN, FERRIS, GLOVSKY<br>  AND POPEO, P.C.<br>One Financial Center<br>Boston, MA  02111<br>(617) 542-6000 | *Attorneys for Defendant Shopify, Inc.* |

December 18, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2017, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 18 2017, upon the following in the manner indicated:

| | |
|---|---|
| Brian E. Farnan, Esquire<br>Rosemary J. Piergiovanni, Esquire<br>FARNAN LLP<br>919 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for DDR Holdings, LLC* | *VIA ELECTRONIC MAIL* |
| Louis J. Hoffman, Esquire<br>LOUIS J. HOFFMAN, P.C.<br>7689 East Paradise Lane, Suite 2<br>Scottsdale, AZ  85260<br>*Attorneys for DDR Holdings, LLC* | *VIA ELECTRONIC MAIL* |

*/s/ Stephen J. Kraftschik*

Stephen J. Kraftschik (#5623)